## McCalmont v. McCalmont.

*Judgments—Declaratory judgments—Issues of fact—Divorce—Marriage with co-respondent—Knowledge of decree—Act of June 18, 1923.*

1. Where a petition and answer in a declaratory judgment proceeding under the Act of June 18, 1923, P. L. 840, raises an issue of fact, such issue must be tried and determined before a judgment can be entered.

2. Where a wife in a decree for divorce is prohibited from marrying the co-respondent during the libellant's lifetime, and thereafter she marries the co-respondent, who subsequently petitions for a declaratory judgment to annul the marriage, and the petition and answer in the proceedings raise the issue of fact whether petitioner did or did not know of the inhibitive clause in the decree when he married the respondent, such issue must be tried before judgment can be entered in the proceedings.

Rule for declaratory judgment. C. P. No. 5, Phila. Co., Sept. T., 1926, No. 10680.

*David R. Griffith,* for plaintiff; *William A. Gray,* for defendant.

MARTIN, P. J., Aug. 11, 1927.—Plaintiff filed a petition averring that he is a citizen of the Commonwealth of Pennsylvania, residing in the City of Philadelphia; that the defendant is also a citizen of the Commonwealth of Pennsylvania, and resides in premises adjoining those occupied by plaintiff; that defendant was formerly the lawful wife of Harold E. Pelton, who procured a final decree in divorce from defendant, and by the terms of the decree she was forbidden, during the lifetime of Harold E. Pelton, to marry the petitioner, William S. McCalmont.

The petition further avers that he was wholly unaware and uninformed of the terms, conditions and inhibitions in the decree, and on June 2, 1922, entered into a marriage at Elkton, Maryland, with Eva Pelton McCalmont, although Harold E. Pelton was then and is still living, and that the petitioner thereafter lived and cohabited with Eva Pelton McCalmont in the relation of husband and wife; but on or about April 15, 1925, the petitioner first learned of the prohibitive mandate in the divorce decree, whereupon he separated and withdrew from association with and companionship of Eva Pelton McCalmont and refused to resume marital relations or cohabit with her, and they have not since lived or cohabited in the relation of husband and wife, but finally severed their relations.

The prayer of the petition is that the marriage of William S. McCalmont and Eva McCalmont, because of the decree of May 22, 1922, which prohibited the marriage of petitioner to Eva Pelton McCalmont during the lifetime of Harold E. Pelton, the libellant in the divorce proceedings conducted against her, who is, and was at the time of the marriage, living, but which inhibition was then unknown to petitioner, be declared and decreed wholly and absolutely null and void as to all intents and purposes, by reason of the parties being incapable of and expressly forbidden from being lawfully married to each other during the lifetime of Harold E. Pelton.

A rule was granted to show cause why a declaratory judgment as prayed for in the petition should not be entered.

Eva McCalmont, the defendant, filed an answer to the petition, in which she denied that William S. McCalmont was wholly uninformed of the terms of the decree referred to in the petition, or that he learned for the first time of the prohibitory mandate on or about April 15, 1926. The answer avers that the marriage entered into between her and the petitioner at Elkton was a legally binding marriage, and that the act of assembly providing for

McCalmont v. McCalmont.

declaratory judgments does not warrant the entering of the decree prayed for in the petition, and is in violation of the terms and provisions of the Constitution of the United States and of the Constitution of Pennsylvania.

That the Act of June 18, 1923, P. L. 840, "Uniform Declaratory Judgments Act," is constitutional was decided in Kariher's Petition, 284 Pa. 455.

If the petitioner entered into the marriage contract with Eva Pelton McCalmont with knowledge of the prohibition in the decree, he is not entitled to invoke the aid of the court to declare the marriage void.

He avers in the petition that he was wholly unaware and uninformed of the terms, conditions and inhibitions of the decree which was entered and approved on May 22, 1922, when he entered into the marriage relation with Eva Pelton McCalmont on June 2, 1922, and did not learn of the decree until about April 15, 1926.

Eva Pelton McCalmont, in the answer filed by her to the petition, denies "that the said William S. McCalmont was wholly unaware and uninformed of the terms, conditions and inhibitions contained in the decree, and . . . that on April 15, 1926, the petitioner first learned of the prohibitive mandate of the decree in divorce referred to in said petition."

Until the facts are determined, petitioner is not entitled to a declaratory judgment to determine his rights or status.

Section 9 of the "Uniform Declaratory Judgments Act" of June 18, 1923, P. L. 840, provides that "when a proceeding under this act involves determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the action is pending."

And now, to wit, Aug. 11, 1927, the petition is dismissed without prejudice.